## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JEREMY R.,[1]<br><br>                      Plaintiff,<br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>                      Defendant. | Case No. 3:19-CV-00313-SLG |

## ORDER AWARDING ATTORNEY'S FEES
## PURSUANT TO EQUAL ACCESS TO JUSTICE ACT 28 U.S.C. § 2412(d)

Before the Court is Plaintiff's motion for an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). Defendant, Commissioner of Social Security Administration ("Commissioner"), opposes Plaintiff's EAJA request in part. The Commissioner contends that the amount of fees sought is unwarranted because the hours billed were "excessive."[2] The Commissioner asks the Court to exclude 24.2 hours of the 64.3 hours billed, resulting in a fee award of $8,287.02.[3] For the reasons set forth below, Plaintiff's Motion for EAJA Fees and Expenses is GRANTED.

---

[1] Plaintiff's name is partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States. *See* Memorandum, Committee on Court Administration and Case Management of the Judicial Conference of the United States (May 1, 2018), *available* https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

[2] Docket 31 at 2–5.

[3] Docket 31 at 5. Alternatively, the Commissioner proposes that the award be at least reduced by a 10% "haircut," resulting in a fee award of $11,961.77.

On December 31, 2020, this Court remanded Plaintiff's case to the Commissioner for the calculation and award of benefits commencing no later than April 10, 2018 and for further proceedings for the relevant period prior to April 10, 2018. The case has been closed and the Court did not retain jurisdiction.[4] In any civil action brought by or against the United States, the EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."[5] In this case, the Court finds that Plaintiff is entitled to an award under the EAJA. He is the prevailing party in this civil action[6] and his net worth did not exceed $2,000,000 when this action was filed.[7] There are no special circumstances that render an EAJA award in this matter unjust; nor has the Commissioner asserted a substantial justification.[8]

Plaintiff has the burden of documenting the appropriate hours expended and proving that his request for attorney's fees is reasonable.[9] In *Hensley v. Eckerhart*, the Supreme Court determined that courts should apply the "lodestar" method to determine

---

[4] Dockets 27, 28.

[5] *28 U.S.C. § 2412(d)(1)(A).*

[6] *See* Docket 27, 28.

[7] Docket 3.

[8] Docket 31.

[9] *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)); *see also* 28 U.S.C. § 2412(d)(1)(B) (setting out prescriptions on what an applicant must show to receive award).

reasonable attorney fees.[10] Courts calculate the lodestar amount by multiplying the number of hours reasonably expended by a reasonable hourly rate.[11] Recoverable fees and expenses must also be "based upon prevailing market rates for the kind and quality of the services furnished."[12] Fees may not exceed the EAJA statutory maximum rate,[13] which, in the Ninth Circuit, was $205.25 per hour in 2019 and $206.78 per hour in 2020.[14] In this case, the fees do not exceed the EAJA maximum.[15]

The Commissioner is asking the Court to reduce the hours expended from 64.3 hours to approximately 40 hours. However, the Commissioner does not provide adequate reasons how his reductions would make Plaintiff's attorney's fee more reasonable.[16] He simply requests a 10-hour reduction due to a "small administrative record" at 479 pages and another 10-hour reduction due to the "routine" issues in the case.[17] But the Ninth Circuit has held that district courts may not apply a de facto cap on the number of hours

---

[10] *Id.* at 434.

[11] *Id.* at 433.

[12] 28 U.S.C. § 2412(d)(2)(A).

[13] *Id.*

[14] United States Court for the Ninth Circuit, "Statutory Maximum Rates Under the Equal Access to Justice Act," *available at* http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited March 28, 2021); *see also* Ninth Cir. R. 39-1.6 advisory committee's note.

[15] Docket 30-1.

[16] *Gates v. Deukmejian,* 987 F.2d 1392, 1397–98 (9th Cir. 1993) ("The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits.").

[17] Docket 31 at 3–5.

for which attorneys are compensated under the EAJA in "routine" cases.[18] The Ninth Circuit has noted that "the term 'routine' is a bit of a misnomer as social security disability cases are often highly fact-intensive and require careful review of the administrative record, including complex medical evidence."[19]

The Commissioner also contends that Plaintiff's attorney should not have billed for updating her knowledge of agency regulations.[20] Although a court may reduce fee hours for counsel's own training[21], the time Plaintiff's attorney spent analyzing and applying the SSA's new regulations was reasonable in this case.[22] And, had the Commissioner notified Plaintiff of his intent to request remand in this case at the outset, it may not have been necessary for Plaintiff's attorney to spend time researching the new regulations regarding the medical opinions of Dr. Andersen and Dr. Botson.[23]

---

[18] *Costa v. Comm'r of Soc. Sec. Admin.,* 690 F.3d 1132, 1134 (9th Cir. 2012) ("District courts may not apply de facto caps limiting the number of hours attorneys can reasonably expend on 'routine' social security cases."), *abrogating Harden v. Comm'r Soc. Sec. Admin.,* 497 F.Supp. 2d 1214, 1215–16 (D. Or. Aug. 2, 2007) ("There is some consensus among the district courts that 20–40 hours is a reasonable amount of time to spend on a social security case that does not present particular difficulty.").

[19] *Costa,* 690 F.3d at 1134, n. 1.

[20] Docket 31 at 3–5.

[21] *DiGennaro v. Bowen,* 666 F.Supp. 426, 434 (E.D.N.Y. 1987) (The court reduced the 105 hours spent by law students educating themselves on Social Security law, reasoning that "extra time due to inexperience or lack of familiarity with the law and the particular factual patterns presented by Social Security cases cannot be compensated" under the EAJA.).

[22] Docket 30-1.

[23] Docket 25.

The Ninth Circuit has also held that "courts should generally defer to the 'winning lawyer's professional judgment as to how much time [s]he was required to spend on the case'."[24] Here, Plaintiff obtained excellent results.[25] Nevertheless, Plaintiff's attorney's time must still be reasonable. Under the *Hensley* analysis, "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from [her] fee submission."[26] In this case, there is no indication that Plaintiff's attorney performed unnecessarily duplicative work. Plaintiff's briefs and motions were thorough and informative regarding the unique medical facts involved in this case.

Therefore, taking into account "the facts of [this] case,"[27] and recognizing the contingency fee agreement between Plaintiff and Plaintiff's attorney, the Court finds the fee award requested to be both reasonable and recoverable, including Plaintiff's attorney's time preparing Plaintiff's reply to Defendant's Response to EAJA Motion.[28]

Therefore, IT IS HEREBY ORDERED that the motion at Docket 29 is GRANTED and attorney's fees in the amount of $14,304.02 and expenses in the amount of $13.54

---

[24] *Costa,* 690 F.3d at 1136 (quoting *Moreno v. City of Sacramento,* 534 F.3d 1106, 1112 (9th Cir. 2008)).

[25] *Hensley,* 461 U.S. at 435.

[26] *Id.* at 434.

[27] *Id.* at 433 n.7.

[28] Dockets 30-1, 32-1.

(for postage) pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), shall be awarded to Plaintiff, in the total amount of $14,317.56 to be paid to Plaintiff by Defendant.

If the U.S. Department of the Treasury determines that Plaintiff's EAJA fees, expenses, and costs are not subject to any offset allowed under the Department of the Treasury's Offset Program pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010), then any check for EAJA fees or expenses shall be made payable to Plaintiff's attorney, Nancy J. Meserow, based upon Plaintiff's assignment of these amounts to Plaintiff's attorney; and mailed to her office:

> Law Office of Nancy J. Meserow
> 7540 S.W. 51st Ave.
> Portland, OR
> 97219

Whether the check is made payable to Plaintiff, or to his attorney, Nancy J. Meserow, the check shall be mailed to Attorney Meserow at the address as indicated *supra*.

DATED this 1st day of April 2021, at Anchorage, Alaska.

> */s/ Sharon L. Gleason*
> UNITED STATES DISTRICT JUDGE